```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IKRAM MRANI,

                           Plaintiff,              21-cv-1072 (NSR) (AEK)

        -against-                                  ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                           Defendant.
-----------------------------------------------------------X
```

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

In Request No. 14 of Plaintiff's First Request for Production of Documents, Plaintiff seeks production of "[r]isk assessment and intake records for inmate Anthony Rubino." ECF No. 47-2 at 7. Mr. Rubino is the incarcerated individual who Plaintiff was assigned to monitor on "special watch" on September 23, 2020. *See* ECF No. 13 (Amended Complaint) ¶¶ 42-56. Defendant objects to this request on multiple grounds, including that the records sought "are not relevant to the claims or defenses of any party . . . ." ECF No. 47-2 at 7. Plaintiff subsequently amended this request to include "COMPAS risk and needs assessment documents," as described in DOCCS Directive 8500, for prior to September 23, 2020. *See* ECF Nos. 47-2 at 7, 51-1 at 3 (noting the amended request); 71-1 (Directive 8500).

The response to this request was one of many discovery disputes discussed at the August 16, 2022 status conference; at that time, the Court directed the parties to meet and confer further about this issue. The parties were not able to reach agreement as to the scope of any potential production in response to Request No. 14, and the issue was identified as an ongoing dispute in advance of the November 3, 2022 status conference. *See* ECF Nos. 71, 73. The pre-conference

submissions focused specifically on Defendant's refusal to produce the COMPAS assessment. At the conference, the Court raised questions about elements of COMPAS reporting referenced in Directive 8500, including sections regarding "history of violence" and "prison misconduct," though the Court acknowledged that it was not clear if those sections were included in the "Reception COMPAS Assessment"—which is prepared for each inmate upon his or her arrival in the DOCCS system—or the "COMPAS Re-Entry Assessment," which is prepared in connection with an inmate's potential upcoming release from prison.

The Court directed Defendant to submit for *in camera* review copies of any COMPAS assessments that had been prepared for Mr. Rubino on or before September 23, 2020 in connection with his most recent period of incarceration so that the Court could evaluate Defendant's ongoing objections to production of the COMPAS document. Defendant provided a copy of the Reception COMPAS Assessment for Mr. Rubino, which was prepared on February 12, 2019. Having reviewed this COMPAS assessment, the Court finds that the document is not relevant to any party's claim or defense within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure, and therefore the document need not be disclosed.

Defendant has asserted that the purpose of the Reception COMPAS Assessment is "to determine what services an [incarcerated individual] requires during incarceration with a particular eye to promoting successful integration to society upon release." ECF No. 73 at 1. Based on the Court's independent review, the Court finds this statement to be entirely consistent with the contents of the document. In each of the eight categories of assessment, the preparer of the report synthesized the available information and assigned a score to evaluate the "likelihood" of that particular category requiring attention for Mr. Rubino. For each category, the report then contains a short narrative statement regarding the "treatment implications" of the assessment.

There is no security classification reflected in the COMPAS document, nor is there any information in the COMPAS document that addresses whether there was a risk that Mr. Rubino would commit an act of violence against DOCCS personnel or other inmates. Notably, the Reception COMPAS Assessment for Mr. Rubino—which appears to have been produced based on a form/template—does not contain sections regarding "history of violence" or "prison misconduct," strongly suggesting that those elements referenced in Directive 8500 are only part of the COMPAS re-entry assessment.

In sum, the Reception COMPAS Assessment document is not relevant to this case. Defendant's objection to the production of this document is SUSTAINED.

\* \* \* \* \* \* \* \* \*

To be clear, this order applies only to the COMPAS document provided to the Court for *in camera* review. It is not meant to be interpreted as a ruling regarding the validity of Defendant's objections in response to Request No. 14 for any other potentially responsive records. In particular, there was discussion at the November 3, 2022 conference about the DOCCS Directive 4021 (ECF No. 71-2), which governs procedures for inmate reception and classification. Directive 4021 references the Reception COMPAS, *see* ECF No. 71-2 at 5, as well as the fact that "[n]ew commitments are assigned a security classification level based on the 'Initial Security Classification Guideline,'" *id.* at 4. To the extent DOCCS is in possession of documents reflecting the assignment of a security classification level to Mr. Rubino at the time of his arrival in the DOCCS system, such records may still be responsive to Request No. 14.

Dated: November 18, 2022
      White Plains, New York        **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

3