AN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IKRAM MRANI,

                      Plaintiff,                      **OPINION AND ORDER**

       -against-                         21 Civ. 1072 (NSR) (AEK)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                      Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Currently before the Court is Plaintiff Ikram Mrani's motion for leave to file a second amended complaint. ECF No. 63. Plaintiff seeks to add four individual defendants—Edward Burnett, Stephen Urbanski, and John Does 1 and 2—to this action, along with claims that each of the individual defendants violated the New York State Human Rights Law ("NYSHRL"), Executive Law § 296. *See* ECF No. 65-1 ("Proposed Second Amended Complaint" or "Proposed SAC"). For the reasons that follow, Plaintiff's motion is DENIED.[1]

---

[1] A motion for leave to amend a complaint is considered a non-dispositive motion, and can be addressed by a Magistrate Judge by way of a decision and order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), rather than by a report and recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(B). *See, e.g.*, *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (stating in *dicta* that a motion to amend is a non-dispositive matter which can be determined by a Magistrate Judge pursuant to Rule 72(a)); *Prorokovic v. United Prop. & Cas. Ins. Co.*, No. 21-cv-1998 (VB) (PED), 2022 WL 576358, at *1 n.1 (S.D.N.Y. Feb. 25, 2022); *Langton v. Town of Chester Libr. Bd.*, No. 14-cv-9474 (NSR), 2020 WL 2850898, at *2 (S.D.N.Y. June 1, 2020); *United States ex rel. Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, No. 15-cv-4961 (LTS) (JLC), 2020 WL 2530180, at *1 (S.D.N.Y. May 19, 2020); *Cole-Hatchard v. Hoehmann*, No. 16-cv-5900 (VB), 2018 WL 4954108, at *1 (S.D.N.Y. Oct. 12, 2018); *Thompson v. United States*, No. 16-cv-3468 (AJN), 2017 WL 2666115, at *2 (S.D.N.Y. June 19, 2017); *MPI Tech A/S v. Int'l Bus. Machs. Corp.*, No. 15-cv-4891 (LGS) (DCF), 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017).

## BACKGROUND

A. **Procedural History**

Plaintiff, a former New York State corrections officer who worked at the Fishkill Correctional Facility ("Fishkill") in Beacon, New York, commenced this action on February 6, 2021 by filing a complaint against Defendant New York State Department of Corrections and Community Supervision ("Defendant" or "DOCCS"), asserting claims for unlawful employment discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the NYSHRL, arising out of Defendant's alleged failure to accommodate Plaintiff's disability. ECF No. 1 ("Complaint" or "Compl."). Plaintiff filed an amended complaint on April 9, 2021, withdrawing the original claims and bringing instead a claim under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 794 *et seq.*, alleging that Defendant failed to reasonably accommodate Plaintiff's disability.[2] ECF No. 13 ("Amended Complaint" or "Am. Compl."). Defendant moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF Nos. 19-20, and on March 24, 2022, the Honorable Nelson S. Román denied Defendant's motion, ECF No. 29.

On June 1, 2022, Judge Román so-ordered a Civil Case Discovery Plan and Scheduling Order setting May 13, 2022 as the deadline for the parties to amend the pleadings and join new parties. *See* ECF No. 37. Though the schedule has since been amended twice, the deadline for filing amended pleadings was never changed. *See* ECF Nos. 58, 78. The case was referred to the undersigned on June 1, 2022 for general pretrial supervision. ECF No. 38.

---

[2] Defendant consented to Plaintiff filing the Amended Complaint, "without prejudice to a possible Rule 12(b) motion." ECF No. 12.

2

On September 16, 2022, Plaintiff filed a motion for leave to file a second amended complaint, seeking to add claims against the proposed individual defendants under the NYSHRL. ECF Nos. 63 (Notice of Motion), 64 ("Memorandum of Law" or "Pl.'s Mem."). Defendant opposed Plaintiff's motion on October 14, 2022. ECF No. 68 ("Def.'s Mem."). On October 28, 2022, Plaintiff filed a reply. ECF No. 70 ("Pl.'s Reply"). Document and written discovery proceeded while this motion was pending, but the deadline to complete depositions was stayed pending decision on the motion. *See* ECF No. 80.

    **B.**    **The Original Complaint, the Amended Complaint, and the Proposed Second Amended Complaint**

In his original Complaint, Plaintiff claimed that Defendant violated the ADA and NYSHRL by assigning Plaintiff to a "special watch" post, in which Plaintiff allegedly was responsible for direct supervision of a "combative" incarcerated person who was believed to be at risk of suicide. Compl. ¶¶ 43-48. According to Plaintiff, his physical capabilities were limited as the result of prior work-related injuries and this assignment was not a reasonable accommodation. *See id.* ¶¶ 16-23, 43-48. Plaintiff asserted that Defendant knew of Plaintiff's limitations, that there were job placements that would have accommodated Plaintiff's limitations, and that despite these facts, Defendant failed to reasonably accommodate Plaintiff. *Id.* ¶¶ 45-46. Purportedly as a result of Defendant's alleged failure, the incarcerated person Plaintiff was assigned to directly supervise assaulted Plaintiff, causing Plaintiff to sustain numerous physical injuries on top of his pre-existing conditions. *Id.* ¶¶ 31-34.

The Amended Complaint—the current operative pleading in this matter—contains the same factual allegations as the original Complaint (albeit with greater specificity), but discards the ADA and NYSHRL claims against DOCCS. The Amended Complaint alleges that Defendant violated the Rehabilitation Act by assigning him to a physically demanding special

watch position, thereby failing to provide him with a reasonable accommodation for his known limitations. *See* Am. Compl. ¶¶ 87-92. The Amended Complaint also includes information concerning a DOCCS policy that allegedly authorized the assignment of corrections officers in need of reasonable accommodation to special watch positions, as well as the actions Plaintiff and others took to oppose the policy. *Id.* ¶¶ 3-4, 57-63.

Finally, in the Proposed Second Amended Complaint, Plaintiff would retain the Rehabilitation Act claim against DOCCS and would add NYSHRL claims against individual defendants Burnett, the Superintendent of Fishkill; Urbanski, the Deputy Superintendent of Security at Fishkill; and "John Does 1 and 2," who allegedly made the specific decision to assign Plaintiff to the special watch post on the date in question. *See* Proposed SAC ¶¶ 14-18. Plaintiff alleges in the Proposed Second Amended Complaint that all of the proposed individual defendants were involved in assigning Plaintiff to the special watch position, and that they thereby aided and abetted the discriminatory practice of refusing to provide a reasonable accommodation for Plaintiff's known disability in violation of the NYSHRL. *Id.* ¶¶ 105-107.

## DISCUSSION

### A.    Standard of Review

The standards for amending pleadings and joining parties are governed by Rules 15, 16, 20, and 21[3] of the Federal Rules of Civil Procedure—Rules 15 and 16 govern amendments generally, and Rules 20 and 21 govern the propriety of adding new parties. The Second Circuit explained the interplay of Rules 15 and 16 in *Sacerdote v. New York University*:

---

[3] Although the introduction of his memorandum of law suggests that Plaintiff purports to move pursuant to Rule 15, he appropriately discusses the motion in the context of Rule 16. *See* Pl.'s Mem. at 2, 4.

> At the outset of the litigation, a plaintiff may freely amend [his or] her pleadings pursuant to Rule 15(a)(1) as of right without court permission. After that period ends—either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the court should grant such leave "freely . . . when justice so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive" standard, and the only "grounds on which denial of leave to amend has long been held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or] futility." The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up[on] a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).

9 F.4th 95, 115 (2d Cir. 2021) (citations omitted). Where a plaintiff seeks to amend after a court-ordered deadline to do so has passed, the plaintiff must satisfy both the requirements of Rule 15(a)(2) and of Rule 16(b)(4). *Marbury v. Pace Univ.*, No. 20-cv-3210 (JMF), 2021 WL 5521883, at *1 (S.D.N.Y. Nov. 24, 2021). "There is an obvious tension between Rules 15(a) and 16(b). On one hand, Rule 15(a) directs the court to grant leave to amend 'freely.' On the other hand, Rule 16(b) states that the court should not amend a scheduling order without a showing of 'good cause.'" *Suarez v. Cal. Nat. Living, Inc.*, No. 17-cv-9847 (VB), 2019 WL 5188952, at *2 (S.D.N.Y. Oct. 15, 2019) (quotation marks omitted). For a Rule 16 "good cause" analysis, courts consider "prejudice to the opponent in addition to the moving party's diligence." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014). Ultimately, "the decision as to whether to let Rule 16(b) stand as a bar to amendment lies within the court's discretion." *Qanouni v. D&H Ladies Apparel LLC*, No. 18-cv-2763 (GBD) (DF), 2021 WL 9036182, at *8 (S.D.N.Y. Mar. 23, 2021) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

Where a proposed amendment seeks to add new defendants, Rules 20 and 21 also apply. Under Rule 20, defendants may be joined if the claims against them arise "out of the same

transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party."). Where the time to join additional parties has expired, "a motion to join additional parties is subject to the 'good cause' requirement of Rule 16(d)." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019).

### B. Analysis

Because the scheduling orders entered in this case set a deadline for filing amended pleadings, and that deadline passed before Plaintiff sought leave to further amend the complaint, Plaintiff's motion for leave to amend the complaint must satisfy the standards of both Rules 15(a)(2) and 16(b)(4). *See Sacerdote*, 9 F.4th at 115; *Marbury*, 2021 WL 5521883, at *1.

Defendant contests Plaintiff's motion to amend on the basis that the added claims are "clearly futile." Def.'s Mem. at 2-5. "'An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6).'" *Marbury*, 2021 WL 5521883, at *1 (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). To make this assessment, courts must determine "if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, a proposed claim does not 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendant argues that Plaintiff's added claims would be procedurally barred by New York Corrections Law § 24 and, thus, are futile. Def.'s Mem. at 3. The Court agrees.

New York Corrections Law § 24 provides that:

> No civil action shall be brought in any court of the state . . . against any officer or employee of [DOCCS] . . . in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

N.Y. Correct. Law § 24(1).  "This provision, by its plain terms, precludes the assertion of claims against [DOCCS employees] in any court, including the federal courts." *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996); *see Bernardi v. N.Y. State Dep't of Corr.*, No. 19-cv-11867 (KMK), 2021 WL 1999159, at *5 (S.D.N.Y. May 19, 2021).[4]

Plaintiff maintains that Section 24 does not apply to the claims added in the Proposed Second Amended Complaint because the proposed individual defendants' "actions were such a departure from [DOCCS] policies and Federal law requirements concerning reasonable accommodation, that they fell outside the scope of their employment."  Pl.'s Reply at 1, 3-4.

In determining whether Section 24 applies, courts look to the factors associated with New York's scope of employment analysis.  *Ierardi v. Sisco*, 119 F.3d 183, 187-88 & n.3 (2d Cir. 1997) (citing *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979)).  These factors include:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Id.* (quoting *Riviello*, 47 N.Y.2d at 303).  Employees are considered to be acting within the scope of their employment so long as they are carrying out their assigned duties, "no matter how irregularly, or with what disregard of instructions." *Cepeda v. Coughlin*, 513 N.Y.S.2d 528, 530 (3d Dep't 1987) (quotation marks omitted); *accord Ierardi*, 119 F.3d at 188; *Bernardi*, 2021 WL

---

[4] Though the enactment of Corrections Law § 24 was "[m]otivated by the belief that damages suits filed *by prisoners* against state correction officers were by and large frivolous and vexatious," *Haywood v. Drown*, 556 U.S. 729, 733 (2009) (emphasis added), the law has been interpreted to apply more broadly, including to employment-related claims brought against a DOCCS officers or employees in their personal capacities, *see, e.g.*, *Bernardi*, 2021 WL 1999159, at *5-6; *Sughrim v. New York*, 503 F. Supp. 3d 68, 98-99 (S.D.N.Y. 2020); *Johnson v. N.Y. State Dep't of Corr. Servs. & Comm. Supervision*, No. 11-cv-079S, 2013 WL 5347468, at *3-4 (W.D.N.Y. Sept. 23, 2013).

1999159, at *5. "While it is true that both New York and federal courts have on occasion found that the on-the-job conduct of [DOCCS] employees was outside the scope of employment, such holdings generally have been limited to cases in which the conduct was prompted purely by personal reasons unrelated to the employer's interest, or indicated an intentional course of conduct contrary to institutional rules, training and common sense." *Degrafinreid v. Ricks*, 452 F. Supp. 2d 328, 334 (S.D.N.Y. 2006) (cleaned up).

Here, the allegations in the Proposed Second Amended Complaint lead to the inescapable conclusion that the alleged conduct of the proposed individual defendants was within the scope of their employment. Plaintiff alleges that a DOCCS Superintendent, Deputy Superintendent, and two unknown DOCCS employees who had a role in work assignments violated the NYSHRL when they "assigned [Plaintiff] to a special watch of an inmate in the infirmary who . . . was believed to be at risk of self-harm," "failed to consider and take into account his physical limitations when assigning [Plaintiff] to perform a special watch of an inmate, and "deprived Plaintiff of procedures for requesting and being granted reasonable accommodation." Proposed SAC ¶¶ 48, 50, 57. This is not a case where the potential individual defendants are alleged to have acted purely for "personal reasons unrelated to the employer's interest" or intentionally "contrary to institutional rules, training and common sense." *See Degrafinreid*, 452 F. Supp. 2d at 334. Rather, Plaintiff alleges that the very conduct at issue—assigning Plaintiff to special watch—was expressly "authorized" by the DOCCS policy in place at the time. *See* Proposed SAC ¶ 3 (explaining that DOCCS policy "authorized Superintendents of correctional facilities to assign corrections officers who needed reasonable accommodation to a 'special watch'"); *see also id.* ¶ 17 (explaining that pursuant to DOCCS policy at the time, "the initial approval for light duty assignments for personal illness is made by Facility Superintendents, which include

BURNETT and URBANSKI").[5]  And insofar as Plaintiff asserts that the proposed individual defendants acted contrary to DOCCS rules by failing to have an interactive dialogue regarding Plaintiff's limitations, *see* Reply at 4; Proposed SAC ¶¶ 50, 51, that alone does not mean that the proposed individual defendants' conduct was outside the scope of their employment. Corrections Law § 24 applies even in situations where DOCCS employees were "endeavoring to do their job," though "perhaps poorly." *See Ierardi*, 119 F.3d at 188; *see also Bernardi*, 2021 WL 1999159, at *6 (dismissing New York State law claims related to allocation of overtime and allegedly false accusations because "delegating overtime work and pay and reporting misconduct are tasks that fall within a supervisor's scope of employment"); *Sughrim*, 503 F. Supp. 3d at 88-91, 98-99 (finding that plaintiff failed to allege individual DOCCS officials who enforced grooming policy regarding beards acted outside the scope of their employment, even though policy may have violated plaintiff's constitutional equal protection rights).

Contrary to Plaintiff's contention, it is not "premature to rule on" whether the proposed individual defendants are entitled to immunity under Corrections Law § 24 at the pleadings stage.  *See* Pl.'s Reply at 4.  Plaintiff asserts that *Rivera v. New York*, 34 N.Y.3d 383 (2019) supports his position that discovery is necessary to establish "the exception to Corrections Law § 24 applies in this situation."  Pl.'s Reply at 4.  In *Rivera*, the New York Court of Appeals concluded that the defendant-officers who employed "gratuitous and utterly unauthorized use of force" that "was not in furtherance of any employer-related goal whatsoever" acted outside the

---

[5] Plaintiff alleges that the policy "was at odds with Federal and State law regarding reasonable accommodations, as well as directives, policies and procedures adopted by [DOCCS] regarding reasonable accommodations," and that he and others opposed the policy, arguing that the policy "impacted the safety and security of correction officers and affected procedures for light duty assignments."  Proposed SAC ¶¶ 68, 70.  Nevertheless, as of the date of the alleged assault of Plaintiff, the policy remained in place.  *Id.* ¶¶ 71, 72.

scope of their employment. 34 N.Y.3d at 390-91. But while the *Rivera* court noted that whether an employee acted within the scope of employment is "a fact-based inquiry," *id.* at 390, that does not relieve Plaintiff of the obligation to plead facts that, if proven true, would establish that the proposed individual defendants acted outside the scope of their employment. Indeed, courts in this Circuit applying New York law regularly dismiss claims as barred by Corrections Law § 24 at the pleadings stage where plaintiffs fail to allege such facts. *See, e.g.*, *Idiakheua v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 20-cv-4169 (NGG) (SJB), 2022 WL 10604355, at *15 (E.D.N.Y. Oct. 18, 2022); *Bernardi*, 2021 WL 1999159, at *5-6; *Sughrim*, 503 F. Supp. 3d at 98-99; *Ficklin v. Rusinko*, 351 F. Supp. 3d 436, 445-46 (W.D.N.Y. 2019).

Accordingly, because Plaintiff has not sufficiently alleged that the proposed individual defendants were acting outside the scope of their employment, Plaintiff's NYSHRL claims against the proposed individual defendants are barred by New York Corrections Law § 24, and could not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because it would be futile to allow Plaintiff to further amend his pleadings to add NYSHRL claims against the four proposed individual defendants, Plaintiff's motion for leave to file the Proposed Second Amended Complaint is DENIED.[6]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file the Proposed Second Amended Complaint (ECF No. 63) is DENIED.

---

[6] Defendant raises a number of additional arguments as to why Plaintiff's motion should be denied, including that: (i) the claims are barred by the Eleventh Amendment to the U.S. Constitution; (ii) the claims have not been adequately pled; (iii) the Court should decline to exercise its discretionary supplemental jurisdiction; and (iv) Plaintiff has failed to demonstrate "good cause" pursuant to Rule 16 of the Federal Rules of Civil Procedure. *See* Def.'s Mem. at 2-8. Because the addition of the NYSHRL claims would be futile for the reasons set forth above, however, the Court need not address these additional arguments.

A telephonic status conference is hereby scheduled for June 14, 2023 at 11:00 a.m., using the same teleconference information that the parties have used for prior conferences with the undersigned.  In advance of that conference, the parties must meet and confer to discuss a proposed schedule for completion of all outstanding discovery in this matter.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 63.

Dated: May 31, 2023
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge